Calvin BRANNON, Petitioner–
Appellant,

v.

Frank ELO, Warden, Respondent–
Appellee.

No. 02–1748.

United States Court of Appeals,
Sixth Circuit.

June 12, 2003.

Before: MOORE and GIBBONS, Circuit Judges; and SCHWARZER, District Judge.*

## ORDER

This pro se Michigan state prisoner appeals a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On March 28, 1989, a Michigan jury found Calvin Brannon guilty of first degree felony murder in violation of Mich. Comp. Laws § 750.316; Mich. Stat. Ann. § 28.548. The trial court sentenced Brannon to a mandatory sentence of life imprisonment without possibility of parole. The Michigan Court of Appeals affirmed Bran-

---

* The Honorable William W. Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

non's conviction and sentence. *People v. Brannon,* 194 Mich.App. 121, 486 N.W.2d 83, 86 (Mich.App.1992). The Michigan Supreme Court denied Brannon leave to appeal. Thereafter, Brannon moved the trial court for post-conviction relief. The trial court denied that motion, the Michigan Court of Appeals affirmed the trial court's judgment, and the Michigan Supreme Court denied Brannon leave to appeal.

On September 20, 1999, Brannon filed the instant petition for writ of habeas corpus asserting the following six grounds for relief:

1) The circuit court erred in ruling that the magistrate had abused his discretion in not binding the petitioner over on a charge of felony murder;

2) The trial court committed reversible error by allowing admission of the petitioner's statements based on his finding that the petitioner was not a "deaf person" pursuant to Mich. Comp. Laws § 393.502(e) and accordingly was not entitled to have an interpreter present prior to his interrogation by the police;

3) Where the affidavits in support of a search warrant did not contain probable cause that evidence was presently located in the place to be searched and the evidence seized, the search was unlawful as a matter of both state and federal constitutional principal, and the evidence seized must be suppressed;

4) The petition was denied a fair trial as a result of the trial court's decisions on the following issues: a) the trial court allowed evidence of the victim's pregnancy to taint the voir dire process and jury deliberation process; b) the trial court allowed testimony of an expert witness that exceeded the scope of the witness's expertise; c) the trial court allowed testimony of blood testing/typing that was unreliable; and d) the evidence was insufficient to support the underlying felony as required by the felony murder statute;

5) Trial counsel rendered ineffective assistance by not challenging the serological electrophoresis evidence; and

6) Attorney Bell rendered ineffective assistance by: a) not visiting petitioner to discuss the appeal; b) not challenging the expert testimony outside the scope of the expert's qualifications; c) not challenging the lack of evidence to support the underlying felony; d) not challenging the unreliable blood testing; and e) not preventing evidence of the victim's pregnancy to taint the voir dire and jury deliberation processes.

The magistrate judge recommended that the petition be denied. The district court determined that the state courts' disposition of Brannon's first three claims was not contrary to, or an unreasonable application of, established United States Supreme Court law and that Brannon's fourth, fifth, and sixth claims are barred from federal habeas review by his state court procedural default. Accordingly, the district court adopted the magistrate judge's report and recommendation over Brannon's objections. The district court granted Brannon a certificate of appealability with respect to all issues presented in the petition.

On appeal, Brannon essentially reasserts the claims set forth in the district court. He claims that: 1) the district court violated 28 U.S.C. § 2254(d) by finding that petitioner's first three claims do not warrant relief; 2) the district court improperly found claims four, five, and six to be barred from review; and 3) the district court improperly found that Brannon's failure to establish cause and prejudice required dismissal of his habeas corpus petition.

Brannon filed his petition for issuance of the writ of habeas corpus on September 20, 1999, well after the April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104–132, 110 Stat. 1214 (1996). Consequently, the provisions of that Act govern the resolution of this controversy. *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *Greer v. Mitchell,* 264 F.3d 663, 671 (6th Cir.2001), *cert. denied,* 535 U.S. 940, 122 S.Ct. 1323, 152 L.Ed.2d 231 (2002). Pursuant to that legislation, a federal court may not grant the writ unless the state court adjudication on the merits either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor,* 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). In deciding whether a state court ruling involved an "unreasonable application" of federal law, a habeas court does not focus merely upon whether the state court decision was erroneous or incorrect; rather, a federal court may issue a writ of habeas corpus only if

the state court's application of clearly-established federal law was objectively unreasonable. *See id.* at 409–11. "This court reviews a district court's legal conclusions de novo and its factual findings for clear error." *Greer,* 264 F.3d at 671 (citing *Lucas v. O'Dea,* 179 F.3d 412, 416 (6th Cir.1999)).

Upon review, we hereby affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit, for the reasons set forth in the magistrate judge's report and recommendation of July 19, 2001, as adopted by the district court in its order of May 9, 2002.